Comstock, Thompson, Kontz & Brenner
Thornton Kontz, Esq.-SBN 118120
Lawrence M. Brenner, Esq.-SBN 139678
Nathan C. Benjamin, Esq.-SBN 197859
340 Soquel Ave., Ste. 205
Santa Cruz, CA  95062
(831) 427-2727

Attorneys for Plaintiff, STEPHANIE GLEICH

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE BRANCH

| | |
|---|---|
| STEPHANIE GLEICH,<br><br>　　　Plaintiff,<br><br>　vs.<br><br>24 HOUR FITNESS; 24 HOUR FITNESS USA, INC., AND DOES 1 through 10,<br><br>　　　Defendants. | CASE NO.  C04 04358 RS     ADR<br><br>**COMPLAINT FOR VIOLATION OF ADA AND DEMAND FOR JURY TRIAL** |

　　　Plaintiff, STEPHANIE GLEICH, hereby complains of Defendants, 24 Hour Fitness; 24 Hour Fitness USA, Inc., and Does 1 through 10, inclusive and alleges as follows:

　　　1. Plaintiff, STEPHANIE GLEICH, is a competent adult and is a physically disabled person, due to degenerative disease, who cannot walk without the use of a wheelchair and cane.

　　　2. Defendants operate a gym and fitness spa known as 24 Hour Fitness, and have failed to provide an accessible means of use of its public gym and fitness spa known as 24 Hour Fitness, located in the city of Santa Cruz, California, and also failed to provide disabled access to its workout facilities including, but not limited to, equipment located on the second floor of its facility for use by

physically disabled persons including wheelchair users, despite Defendant's obligations under California Disabled Rights Acts and under Title III of the Federal Americans with Disabilities Act of 1990.  As a result, STEPHANIE GLEICH  has suffered humiliation and damage when she was unable use the facilities of 24 Hour Fitness notwithstanding that she had informed Defendant of her disability, that her disability is readily apparent and that Defendant had assured her that its facilities would be accessible.  STEPHANIE GLEICH  has also suffered monetary loss in that she bought and continues to hold a membership for 24 Hour Fitness and had been assured that the recently completed model of the facility would include access for disabled persons and would allow her full use of all equipment, said equipment being necessary for STEPHANIE GLEICH 's care, exercise and rehabilitation.

## JURISDICTION AND VENUE

3. This Court has jurisdiction of this action pursuant to 28 USC §1331 for violations of the Americans with Disabilities Act of 1990, 42 USC §§12100, et seq; pursuant to Pendant Jurisdiction, attendant and related causes of action, which arose from the same facts, are also brought under California law including, but not limited to, violations of the California Civil Code §§54 and 54.1.

4. Venue is proper in this Court pursuant to 28 USC §1391 and is founded on the fact that the real property that is the subject of this property is located in this district in that STEPHANIE GLEICH 's causes of action arose in this district.  This case should be assigned to the Northern District of California, San Jose Branch.

## FIRST CAUSE OF ACTION:
## DAMAGES AND INJUNCTIVE RELIEF FOR DENIAL
## OF FULL AND EQUAL ACCESS TO PUBLIC FACILITIES
## IN A PLACE OF PUBLIC ACCOMMODATION, AMUSEMENT OR RESORT

5. STEPHANIE GLEICH  repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in preceding Paragraphs of this Complaint, and incorporates them herein as if separately pled.

6. Defendants and Does 1 through 10, inclusive, are the owners, operators, lessors, lessees of the 24 Hour Fitness gym and spa located on Soquel Avenue in the City of Santa Cruz, County of

1  Santa Cruz, State of California.  The 24 Hour Fitness gym and spa is a public facility which markets
2  itself as being a facility for use by people of all types of physical ability and makeup.  Defendant's
3  facility, however, requires climbing stairs to access various of the workout machines and areas
4  within the facility.  The facility underwent alterations, additions and/or structural repairs after July 1,
5  1970, without compliance with the Disabled Access Requirements of the California Health and
6  Safety Code in multiple respects including access for the physically disabled and such alterations
7  included major additions or changes to the facility.  Defendants have also failed to comply with the
8  requirements of the Americans with Disability Act of 1990, a violation of which is incorporated as a
9  violation of §§54 and 54.1 of the California Civil Code.

10        7. Plaintiff, STEPHANIE GLEICH, is a person with a disability or physically handicapped
11  person (hereafter, the terms physically handicapped and physically disabled are used
12  interchangeably).  STEPHANIE GLEICH is unable to walk, due to a degenerative disease, without
13  the use of a wheelchair or a cane and is unable to use facilities that are not accessible to disabled
14  persons who are require the use of a wheelchair.  When called upon to attempt to ascend or descent
15  stairs, STEPHANIE GLEICH has great difficulty and suffers severe discomfort.

16        8. STEPHANIE GLEICH and other similarly situated physically disabled persons who
17  require the use of a wheelchair are unable to use public facilities on a full and equal basis unless such
18  facilities are in compliance with the provisions of the California Health and Safety Code §§19955, et
19  seq., and STEPHANIE GLEICH is a member of that portion of the public whose rights are protected
20  by the provisions of the Health and Safety Code.

21        9. STEPHANIE GLEICH  is informed and believes that each of the named Defendants
22  herein are and were the owners, operators, lessors or lessees of the subject real property and business
23  at all times relevant to this complaint.  STEPHANIE GLEICH is informed and believes that each of
24  the Defendants herein is the employer, agent, alterego, master, servant, trustor, trustee, employer,
25  representative, franchiser, franchisee, lessor, lessee, joint venturer, parent subsidiary, affiliate, related
26  entity, partner of each of the other Defendants and was at all times acting and performing or failing
27  to act or perform within the course and scope of said similar aforementioned capacities and with the
28  authorization, consent, permission or ratification of each of the other Defendants and is personally

1 responsible in some manner for the acts and omissions of the other Defendants and proximately
2 causing the violations and damage complained of herein and have participated, directed, approved or
3 ratified each of the acts or omissions and STEPHANIE GLEICH will seek leave to amend when the
4 true names and capacities, connections and responsibilities of the named Defendants and Does 1
5 through 10, inclusive, are ascertained.  References to Defendants, unless otherwise specified, shall be
6 deemed to refer to all Defendants and each of them.

7      10.  On multiple occasions during 2002, 2003 and 2004 plaintiff, STEPHANIE GLEICH,
8 attempted to make use of the 24 Hour Fitness facilities located on Soquel Avenue in the City of
9 Santa Cruz, County of Santa Cruz, California, to make use of the facility for relaxation, exercise and
10 rehabilitation.  STEPHANIE GLEICH had previously been informed by various employees of 24
11 Hour Fitness that in the course of a recent remodel of the facility, all of the areas of the facility
12 would be made accessible to disabled persons, and in part upon such representations she paid for a
13 membership to the facility.  However, STEPHANIE GLEICH discovered she would be required to
14 climb a flight of stairs in order to access the second floor and the machinery and facilities on the
15 second floor.  STEPHANIE GLEICH attempted to do so and suffered great and substantial pain and
16 humiliation.   On one occasion after which she attempted to make use of the equipment an employee
17 of Defendant offered to move one of the many fitness machines downstairs for her use.  However,
18 the machine was not an appropriate machine for use by STEPHANIE GLEICH and feeling
19 humiliated, she declined to attempt to climb the stairs again, notwithstanding that she had paid for a
20 membership and greatly desired to use the equipment and facilities without the stress, embarrassment
21 and physical discomfort and injury resulting from forcing herself to climb and descend stairs.  As a
22 result of her being denied access and her inability to use the facilities, STEPHANIE GLEICH
23 suffered physical, mental and emotional injuries.  STEPHANIE GLEICH  alleges that various of the
24 machinery and facilities within the 24 Hour Fitness facility are inaccessible to persons with
25 disabilities in multiple aspects and plaintiff requests that this court order that all of these inaccessible
26 facilities be brought into compliance with all applicable code requirements or, pursuant to the
27 injunctive powers of this court.
28

11. Due to the failure of Defendants to provide accessible facilities STEPHANIE GLEICH has faced the continuing discrimination of being barred from entering and using these facilities on a full and equal basis and has continued to suffer denial of access.

12. As the result of the denial of full and equal access of the facilities and machinery of the 24 Hour Fitness facility and due to the acts and omissions of Defendants, and each of them, in owning, operating, leasing, constructing, altering and maintaining the 24 Hour Fitness facility, STEPHANIE GLEICH has suffered a violation of her civil rights, including, but not limited to, rights under the California Civil Code and has suffered physical discomfort, mental and emotional distress, embarrassment and humiliation and statutory violations all to her damage as herein stated. Defendants' actions and omissions constitute discrimination against STEPHANIE GLEICH on the sole basis that she is physically disabled and unable, because of architectural barriers created and/or maintained by Defendants in violation of the law, to use the facilities on a full and equal basis as other persons. STEPHANIE GLEICH also seeks trebling of all actual damages as provided by the California Civil Code §54.3.

13. The lack of proper access features as plead herein prevents STEPHANIE GLEICH from equal use of the premises and thus continues to discriminate against her and deny her full and equal access on a daily basis at all times herein since her first visit to the facility. Further, any violation of the Americans with Disabilities Act of 1990, as plead in the Second Cause of Action herein and the contents of which repled and incorporated herein, word for word, as if separately pled, also constitutes a violation of the California Civil Code §§54 and 54.1, thus independently justifying an award of damages and injunctive relief.

14. As a result of Defendants' acts and omissions, STEPHANIE GLEICH has been required to incur legal expenses and attorneys fees as provided by statute, in order to enforce here rights and to enforce provisions of the law protecting access for disabled persons and prohibiting discrimination against disabled persons. Plaintiff, STEPHANIE GLEICH, therefore seeks recovery of all reasonable attorneys fees and costs pursuant to provisions of California Civil Code and, additionally, her lawsuit is intended not only to obtain compensation for her damages but also to require the

1  Defendants to make their facilities accessible to all disabled members of the public justifying public
2  interest attorneys fees pursuant to provisions of California Code of Civil Procedure §1021.5.

3      15.  Despite STEPHANIE GLEICH's complaints and request to the 24 Hour management,
4  through its employees, Defendants have taken no action to provide proper and lawful disabled
5  access.  On information and belief STEPHANIE GLEICH alleges that Defendants were made aware
6  of their duties under the ADA and California law to remove architectural barriers, make their facility
7  accessible to disabled persons and notwithstanding prior notice, Defendants have failed to take any
8  action to remove the subject architectural barriers.  STEPHANIE GLEICH  seeks actual damages,
9  treble damages, preliminary and injunctive relief and an award of reasonable attorneys fees litigation
10  expenses and costs.

## SECOND CAUSE OF ACTION
## REQUEST FOR INJUNCTIVE RELIEF

13      16.  The acts and omissions of Defendants as complained of herein are continuing on a day
14  by day basis to have an affect of wrongfully excluding STEPHANIE GLEICH  and similarly situated
15  members of the public who are physically disabled from full and equal access to Defendants'
16  facilities.   Such acts and omissions are the cause of humiliation, mental and emotional suffering for
17  STEPHANIE GLEICH in that these actions continue to treat her as an inferior and second class
18  citizen and serve to discriminate against her on the sole basis that she is a person with a disability
19  and requires the use of a wheelchair and cane for movement in public places and is unable to ascend
20  and descend stairs.  STEPHANIE GLEICH is unable, so long as such acts and omissions of
21  Defendants continue, to achieve equal access to and use of this public facility and the acts of
22  Defendants approximately cause and will continue to cause irreparable injury to STEPHANIE
23  GLEICH if not enjoined by this court.

24      WHEREFORE, STEPHANIE GLEICH  asks this court to preliminary and permanently
25  enjoin any continuing refusal by Defendants to grant such access and to require Defendants to
26  comply forthwith to the applicable statutory requirements relating to access for disabled persons and
27  further request that this court award attorneys fees, litigation expenses and costs to plaintiff.

28

## THIRD CAUSE OF ACTION

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

17. STEPHANIE GLEICH repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in preceding Paragraphs of this Complaint, and incorporates them herein as if separately pled.

18. Pursuant to law, in 1990 the United States Congress made findings per 42 US §12101 regarding physically disabled persons, determining that laws were necessary to more fully protect some 43 million Americans with one or more physical or mental disabilities and that historically society has tended to isolate and segregate individuals with disabilities and that such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem and that the nations proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living and economic self sufficiency for such individuals in finding the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous.

19. Pursuant to 42 USC §12182, Title III Section 302, no individual shall be discriminated against on the basis of a disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any place of public accommodation by any person who owns, leases or leases to or operates a place of public accommodation and among the specific prohibitions against discrimination were included the failure to make reasonable modifications in policies, practices or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, including, pursuant to Section 302(B) a failure to remove architectural barriers in existing facilities where such removal is readily achievable or where not readily achievable the failure to make such services and facilities, privileges and advantages or accommodations available to alternative methods if such methods are reasonably achievable. The acts and omissions of Defendants set forth herein were in violation of STEPHANIE GLEICH 's rights under the ADA and the regulations promulgated thereunder.

20. The removal of barriers was at all times herein mentioned readily achievable especially given the nature and scope of the renovations conducted at the subject facility.

21. Even assuming such removal of barriers is not readily achievable, Defendant failed to make such services, facilities, privileges or advantages readily available through alternative means.

22. As of Janaury 2004 and as of the date of the filing of this Complaint Defendants have denied and continue to deny full and equal access to STEPHANIE GLEICH and to other disabled persons which violate STEPHANIE GLEICH's right to full and equal access and discriminate against her on the basis of her disability thus wrongfully denying her the full and equal enjoyment of the facilities.  Further, for a facility or part thereof that was altered after the effective date of the ADA in such a manor as to affect or that could affect the usability of the facility or part thereof by persons with disabilities is discriminatory under the ADA and Defendants have performed alterations on the subject facilities but failed to provide facilities and passive travel to such areas that are readily accessible to and useable by individuals with disabilities in violation of the ADA and regulations promulgated thereunder.  STEPHANIE GLEICH  is entitled to the remedies and procedures set forth in the Civil Rights Act of 1964 as she is being subjected to discrimination on the basis of her disability in violation thereof and has reasonable grounds for believing that she is about to be subjected to discrimination in the future and on information and belief Defendants have continued to violate the law and deny the rights of plaintiff and other similarly situated disabled persons to access this public facility.

23. Plaintiff, STEPHANIE GLEICH , seeks relief pursuant to the remedies set forth in the Civil Rights Act of 1964, 42 UCS §2000, et seq., and pursuant to federal regulations adopted to implement the Americans with Disabilities Act of 1990.

**WHEREFORE**, Plaintiff, STEPHANIE GLEICH, prays for relief as hereinafter stated:

1. Preliminary and permanent injunctive relief enjoining Defendants from operating and maintaining the 24 Hour Fitness facility so long as disabled persons are not provided full and equal access to the accommodations and facilities stated herein;

2. Compensatory and statutory damages, including treble damages for each day on which Defendants have denied to plaintiff equal access for the disabled commencing on the date of

plaintiff's visit in January 2004;

   3. Attorneys fees, litigations expenses and costs;

   4. Costs of suit;

   5. Prejudgment interest; and

   6. Such other and further relief as this court may deem just and proper.

                               COMSTOCK, THOMPSON, KONTZ & BRENNER

                               /s/

DATED: Oct. 5, 2004

                               Nathan C. Benjamin, Attorney for STEPHANIE GLEICH

## DEMAND FOR JURY TRIAL

Plaintiff, STEPHANIE GLEICH hereby demands a jury trial for all claims for which a jury is permitted.

                               COMSTOCK, THOMPSON, KONTZ & BRENNER

                               /s/

DATED: Oct. 5, 2004

                               Nathan C. Benjamin, Attorney for STEPHANIE GLEICH

## CERTIFICATION OF INTERESTED ENTITIES OR PARTIES

The undersigned hereby certifies that as of this date other than the named parties there are no such interests to report.

                               COMSTOCK, THOMPSON, KONTZ & BRENNER

                               /s/

DATED: Oct. 5, 2004

                               Nathan C. Benjamin, Attorney for STEPHANIE GLEICH